1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| RICHARD CARTER, | ) Case No. ED CV 12-0317 JCG |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

19       Richard Carter ("Plaintiff") challenges the Social Security Commissioner's

20  decision denying his application for disability benefits.  Specifically, Plaintiff

21  contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion

22  of his treating physician, Dr. Mark Peterson.  (Joint Stip. at 3-8.)  The Court agrees

23  with Plaintiff for the reasons discussed below.

24       A.    The ALJ Failed to Provide Specific and Legitimate Reasons for

25             Rejecting Dr. Peterson's Treating Opinion

26       "As a general rule, more weight should be given to the opinion of a treating

27  source than to the opinion of doctors who do not treat the claimant."  *Lester v.*

28  *Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  This is so because a treating physician "is

1   employed to cure and has a greater opportunity to know and observe the patient as

2   an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

3        Where the "treating doctor's opinion is contradicted by another doctor, the

4   [ALJ] may not reject this opinion without providing specific and legitimate reasons

5   supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal

6   quotation marks and citation omitted).  The ALJ can meet the requisite specific and

7   legitimate standard "by setting out a detailed and thorough summary of the facts and

8   conflicting clinical evidence, stating his interpretation thereof, and making findings."

9   *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks

10  and citation omitted).

11       Here, the ALJ gave four reasons for discrediting Dr. Peterson's treating

12  opinion.  The Court discusses – and rejects – each in turn.

13       First, the ALJ found that Dr. Peterson's opinion was "not supported by any

14  objective evidence."  (Administrative Record ("AR") at 54).  Though this can be a

15  valid reason for rejecting a treating opinion, *Burkhart v. Bowen*, 856 F.2d 1335,

16  1339-40 (9th Cir. 1988), a brief review of the record reveals at least some support

17  for Dr. Peterson's findings.

18       For instance, numerous physicians have diagnosed Plaintiff with bipolar

19  disorder.  (*See* AR at 218 (July 17, 2007 prison medical record indicating diagnosis

20  of "Bipolar I Disorder"), AR at 241 (April 28, 2009 case analysis by Dr. Haroun

21  noting that Plaintiff "takes [A]bili[f]y and Vistaril for bipolar [disorder]"), AR at 312

22  (June 30, 2009 diagnosis by Dr. Peterson).)  Similarly, multiple sources corroborate

23  Dr. Peterson's conclusion that Plaintiff's poor memory and concentration are a result

24  of head trauma from a 1991 motorcycle accident.  (*See* AR at 210 (Dr. Nigbor

25  indicating that the "[m]ost reasonable explanation for [Plaintiff's difficulties with

26  concentration] is . . . head trauma"), AR at 215 (Dr. Benson noting that Plaintiff's

27  psychotic disorder is due to "[h]ead [i]njury" from a motorcycle accident).)

28  Notably, the ALJ failed to mention these portions of the record, and thus erred in

1    rejecting Dr. Peterson's opinion as unsupported by objective evidence.  *See Gallant*
2    *v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (the ALJ must not "reach a
3    conclusion first, and then attempt to justify it by ignoring competent evidence in the
4    record that suggests an opposite result").

5         Second, the ALJ noted that Dr. Peterson's opinion was presented via a
6    "checklist style form" that included "only conclusions regarding functional
7    limitations without any [supporting] rationale."  (AR at 55).  But to reject a treating
8    physician's opinion as conclusory, the ALJ must also determine that the opinion is
9    unsupported by the record.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d
10   1190, 1195 (9th Cir. 2004) (an ALJ may reject treating opinions that are
11   "conclusory, brief, *and* unsupported" (emphasis added)).  As discussed above, Dr.
12   Peterson's opinions are not without support, and thus they cannot be rejected as
13   conclusory.

14        Third, the ALJ found "nothing in the medical treatment records to suggest that
15   any treating source considered whether [Plaintiff's] subjective symptoms may have
16   been motivated . . . by secondary gain."  (AR at 54.)  This assertion, however, could
17   be invoked against any treating physician supportive of their patient's claim for
18   disability benefits.  *Sinohui v. Astrue*, 2011 WL 1042333, at *13 (C.D. Cal. Mar. 18,
19   2011).  Further, the "primary function of medical records is to promote
20   communication and recordkeeping for health care personnel-not to provide evidence
21   for disability determinations."  *Orn v. Astrue*, 495 F.3d 625, 634 (9th Cir. 2007).  In
22   light of this purpose, then, it is unreasonable to expect medical opinions to routinely
23   discuss a patient's motivations or other issues irrelevant to diagnosis and treatment.
24   Thus, here too, the ALJ lacked a valid reason for rejecting Dr. Peterson's opinion.

25        Fourth, the ALJ found that Dr. Peterson's opinion was offered "as an
26   accommodation to [Plaintiff]."  (AR at 54.)  The Ninth Circuit, however, has
27   expressly rejected such reasoning in discrediting a treating physician's opinion,
28   holding that "[t]he purpose for which medical reports are obtained does not provide

1    a legitimate basis for rejecting them." *Lester*, 81 F.3d at 832.  Once again, then, the

2    ALJ lacked adequate grounds to reject Dr. Peterson's opinions.

3        Accordingly, for the reasons stated above, the ALJ improperly discredited the

4    treating opinion of Dr. Peterson.  The Court thus determines that the ALJ's decision

5    is not supported by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59

6    (9th Cir. 2001).

7        B.     <u>Remand is Warranted</u>

8        With error established, this Court has discretion to remand or reverse and

9    award benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no

10   useful purpose would be served by further proceedings, or where the record has been

11   fully developed, it is appropriate to exercise this discretion to direct an immediate

12   award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).

13   But where there are outstanding issues that must be resolved before a determination

14   can be made, or it is not clear from the record that the ALJ would be required to find

15   plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.

16   *See id.* at 594.

17        Here, in light of the ALJ's error, Dr. Peterson's credibility must be properly

18   assessed.  Therefore, on remand, the ALJ shall reevaluate the opinions of Dr.

19   Peterson and either credit them as true, or provide valid reasons for any portion that

20   is rejected.

21   \ \ \

22   \ \ \

23   \ \ \

24   \ \ \

25   \ \ \

26   \ \ \

27   \ \ \

28   \ \ \

1   Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

2   **REVERSING** the decision of the Commissioner denying benefits and

3   **REMANDING** the matter for further administrative action consistent with this

4   decision.[1]

5

6   Dated: November 27, 2012

7   _____

8                                    Hon. Jay C. Gandhi

9                                    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27   [1]   In light of the Court's remand instructions, it is unnecessary to address
     Plaintiff's remaining contentions.  (*See* Joint Stip. at 11-13, 15-17, 17-19, 20-23, 27-
28   31.)

5